340 So.2d 654 (1976)
In re BRANNON.
No. 13074.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
Rehearing Denied January 10, 1977.
James R. Phillips, Bossier City, for opponent-appellant.
Wilson & Armstrong by Glenn F. Armstrong, Bossier City, for petitioner-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied January 10, 1977.
PRICE, Judge.
Brannon seeks to adopt the two children of his wife by a prior marriage. The principal issue is whether the imprisonment of the natural father is sufficient justification for failing to support the children to preclude the application of LSA-R.S. 9:422.1, permitting adoption without his consent.
The district court found the adoption to be in the best interest of the children and granted the adoption over the opposition of the father. The father appeals, and we affirm the judgment.
*655 The natural father was married to Mrs. Brannon in 1969 while he was in military service. He was discharged from the service approximately six months after the marriage, and the couple lived a transient life because of the husband's inability to keep employment. A daughter was born on July 28, 1970, and a son on February 27, 1973. In 1972, the father was extradited from Mississippi to Texas on a charge of murder. He was convicted of first degree murder on October 21, 1972, and sentenced to fifty years in the state penitentiary. The children have had almost no association with their father because of his incarceration.
Mrs. Brannon procured a divorce from the father in Bossier Parish in October, 1974, and was awarded custody of the children. She married Brannon in November, 1974. He has maintained and supported the children in his home since the marriage.
This proceeding, filed in October, 1975, alleges the consent of the father is unnecessary under LSA-R.S. 9:422.1 which provides in part:
If the spouse of the petitioner is the legitimate parent of the child, . . . then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner . . . have been granted custody of the child by a court of competent jurisdiction and
* * * * * *
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother . . ..
There is no real question regarding any payment of support by the father. He has personally paid nothing since the divorce. His sole contribution was the sum of $50 from the inmate relief fund shortly after his commitment to the penitentiary. He contends his sister forwarded two checks to Mrs. Brannon on his behalf. The evidence is insufficient to prove this fact.
The most serious issue is the father's asserted inability to pay because of his incarceration. He relies on the case of In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963), in which the court construed the intent of the legislature in adopting LSA-R.S. 9:422.1, as follows:
* * * The Legislature never intended by this provision to dispense with consent where the legitimate parent shows that his failure to comply with the court order for support was for reasons beyond his control. It intended that consent be dispensed with only where the parent refuses to comply with the order or fails to comply with the order without justification.
Whether incarceration for a criminal offense is justification for failure to provide support is apparently an unsettled question in the jurisprudence of this state. This defense was raised, but not reached in the case of In re Berry v. Berryhill, 330 So.2d 405 (La.App. 3rd Cir. 1976).
As a general rule, adoption statutes are in derogation of the natural rights of parents and must be strictly construed in favor of the parent. In re Ackenhausen, supra; In re LaFitte, 247 La. 856, 174 So.2d 804 (1965). However, the legislature has provided parental rights may be subrogated to the welfare of the child under defined circumstances. The abdication of the parental responsibility of providing support for a prescribed period of time has been declared a sufficient cause for forfeiting the parental rights. The Supreme Court, in Ackenhausen, has construed the statutory provision to protect the right of a parent who could not provide the prescribed support for justifiable reasons.
The instant case presents circumstances which require a practical approach to the application of the Ackenhausen rule.
The natural father has, through his own fault, placed himself in the position where he can no longer provide financial assistance nor a satisfactory relationship with his children for an indeterminate number of years. His sentence is for fifty years and *656 there is no evidence in the record showing eligibility for parole at an earlier time. He has alleged the pendency of applications for review of his conviction and sentence, but there is no evidence in the record in this regard.
The home provided by Brannon is exemplary. He is an Air Force Major, a deacon in his church, and has provided a comfortable residence for the family. The younger child suffers from myeoclonic epilepsy and requires frequent and regular medical treatment. This is being provided by Brannon.
There is no question that Brannon has made an ideal father for the children, and that their adoption by him is in their best interest.
To deny the children this opportunity merely to safeguard the parental rights of their natural father, who has intentionally committed an offense against society that has prevented the fulfillment of his parental responsibilities, would be unjust and not in keeping with the intent of the legislature in enacting LSA-R.S. 9:422.1. Under the circumstances presented in this case, the consent of the natural father is unnecessary.
We recognize that there can be no set rule that will resolve the question of whether incarceration is justification for non-support under different circumstances, and each case must be decided under its own particular facts.
The judgment is affirmed.