348 So.2d 107 (1977)
ADOPTION OF Howard Lawrence RAPP, III.
No. 8184.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Rehearing Denied August 1, 1977.
*108 Ralph L. Barnett, Gretna, for natural father-appellant.
George M. McCulloch, Jr., New Orleans, for petitioner-appellee.
Before REDMANN, GULOTTA and BEER, JJ.
GULOTTA, Judge.
A divorced, legitimate father appeals from a final decree of adoption of his child rendered in favor of a stepfather, the second husband of the mother of the child. The decree was rendered pursuant to the provisions of LSA-R.S. 9:422.1[1] which permits adoption by the stepfather without the consent of the resident, legitimate father provided 1) the custody of the child has been granted to the mother and 2) the legitimate father has failed or refused to comply with a court order of support for a period of one year. We reverse.
The undisputed facts are that the child, Howard Rapp, III, was born of a marriage between Lyn Kahn and Howard Rapp, Jr. In November, 1970, a judgment of separation was granted and the custody of the child sought to be adopted was granted to the mother. The father was ordered to pay support for the child in the sum of $20.00 per week. On March 28, 1971, the father was incarcerated and following a conviction for simple burglary was sentenced to serve eight years in the Louisiana State Penitentiary. He remained incarcerated until November, 1973, when he was released on parole. Prior to his release, a divorce decree was rendered in September, 1973, and permanent custody of the child was awarded to the mother. This judgment was silent on support payments. The mother of the child married the adoptive father in October, 1974. In December, 1974, Howard Rapp, Jr., was arrested and incarcerated for a parole violation. He remained imprisoned through the date of the adoption hearing.
In order for a legitimate parent to be deprived of his right to consent to the adoption of his child under LSA-R.S. 9:422.1, two of three conditions set forth in the statute must exist. The conditions sought to be applied in our case are: 1) that the mother, in this case the spouse of the adoptive parent, has been granted custody of the child sought to be adopted and 2) that the other legitimate parent has refused or failed to comply with a court order of support for a period of one year. The mother's custody of the child is undisputed.
The sole issue confronting us is whether the legitimate father "has refused or failed to comply with a court order of support for a period of one year".
Though the father testified that he had made small support payments on two occasions during the four-month period between the judgment of separation in November, 1970, and his first incarceration in March, 1971, the trial judge in oral reasons rejected the claim that any payments had been made. Admittedly, no payments were made by the father during his periods of incarceration or during the period in excess of a year when he was released as a parolee.
It is the father's contention that his failure to make the support payments ordered in the separation decree was due to his involuntary incarceration which rendered him incapable of making any payments. Because his failure to pay was not willful, he argues that he has not "refused or failed to comply" with a court order within the meaning of the statute. He further contends during the period in excess of one year between 1973 and 1974 when he was *109 free on parole, he was not under any order to make support payments for the reason that the divorce decree rendered prior to his release was silent with regard to child support and had superceded the judgment of separation. We agree.
It is well-settled that adoption statutes are in derogation of a natural right and must be strictly construed. See Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966); In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). Equally well-settled is the rule that the consent of both parents is required before an adoption will be decreed, except in those instances where parental consent has been specifically dispensed with by law. LSA-R.S. 9:422.1; In re Genin, 240 So.2d 46 (La.App. 4th Cir. 1970). Furthermore, where the failure to support the child has been based on just cause or reasons beyond the parent's control, the parent is not deprived of his right to give his consent. See In re Hughes, 176 So.2d 158 (La.App. 4th Cir. 1965); In re Adoption of Bickerstaff, 190 So.2d 117 (La.App. 4th Cir. 1966), writ refused, 249 La. 770, 191 So.2d 144 (1966); In re Adoption of Schieman, 204 So.2d 433 (La.App. 4th Cir. 1967); In re Spraggins, 234 So.2d 462 (La.App. 1st Cir. 1970).
Although not quarreling with the established jurisprudence cited above, the adopting parent, citing In re Brannon, 340 So.2d 654 (La.App. 2d Cir. 1976), claims that incarceration as a result of the voluntary commission of a criminal offense is not just cause for the legitimate father's failure to support the child. In Brannon, the legitimate father was convicted of first degree murder and sentenced to serve 50 years in an out-of-state penitentiary. The court noted that the record contained no evidence indicating the possibility of a parole and concluded that the natural father had, through his own fault, "placed himself in the position where he can no longer provide financial assistance nor a satisfactory relationship with his children for an indeterminate number of years". In concluding that the provisions of LSA-R.S. 9:422.1 were applicable to the situation, the court expressly recognized "that there can be no set rule that will resolve the question of whether incarceration is justification for non-support under different circumstances, and each case must be decided under its own particular facts". Unlike the father in Brannon, the legitimate father in our case will not be incarcerated indefinitely.[2] Presumably, the possibility exists that the father, upon his release, may become gainfully employed and could respond to a support order. Our case and Brannon are clearly factually distinguishable. Based on the facts in the instant case, we conclude that the father's incarceration is a just cause for his failure to comply with the separation decree ordering child support payments.
While Howard Rapp, Jr., the father, did not make support payments for a period in excess of one year when he was released on parole (from November, 1973 through December, 1974), no court order was in effect requiring support payments to be made. The divorce decree rendered in September, 1973, prior to his release, was silent on support payments. Under these circumstances, the father was under no continuing order to make support payments after September, 1973,[3] and upon his release from prison, there existed no "court order of support" with which he could be considered as refusing or failing to comply. See In re Stanford, 313 So.2d 849 (La.App. 2d Cir. 1975).
Because we conclude that the father's failure to make child support payments was based on cause, i. e., that he was involuntarily incarcerated during the time that the court order of support payments was in existence, and because during a later period of time when he was released from prison, no court order was in effect requiring support payments, we conclude that no showing has been made that Howard Rapp, Jr., "has refused or failed to comply with a *110 court order of support for a period of one year" within the meaning of LSA-R.S. 9-422.1. Under the circumstances, he cannot be deprived of his right to consent to the adoption of his minor legitimate child. Accordingly, the final decree of adoption is reversed and the petition for adoption is dismissed.
REVERSED AND RENDERED.
REDMANN, J., concurs with written reasons.
REDMANN, Judge, concurring.
Thornton v. Floyd, 1956, 229 La. 237, 85 So.2d 499, holds that a divorce judgment terminates the child support order which was granted as part of an earlier judgment of separation. A gaggle of court of appeal cases follow Thornton. We must, too.
Thornton`s reasoning, however, does not support its conclusion. Thornton reasoned that, because earlier cases held that alimony pendente lite to a wife ordered in a separation judgment terminates with the judgment of divorce (that is, once the lis was no longer pendens,) a child support order in a separation judgment must also terminate with the judgment of divorce. The court reasoned, 85 So.2d at 502:
While the cases above cited involve questions of alimony for the wife, the findings and reasonings therein apply as strongly to the case at bar involving alimony in favor of the children.
This reasoning errs, in overlooking three radical differences between temporary alimony for a wife and child support for a child.
In the first place, unlike child support, temporary, or pendente lite, alimony for a wife is, by statutory description, an allowance "pending the suit for separation", C.C. 148, or divorce, C.C. 151 ("The action for divorce shall be accompanied with the same provisional proceedings to which a suit for separation from bed and board may give rise"). Once the divorce judgment is definitive, the suit is no longer pending and art. 148 alimony "pending the suit" of its very nature is no longer due.
In the second place, again unlike child support, permanent alimony is not due to all needy ex-wives, but only to those who were not at fault. Thus the grant of temporary alimony carries no guarantee that permanent alimony will also be due.
In the third place, unlike child support, alimony for a wife changes its measure after divorce. Before the divorce, C.C. 148 authorizes temporary alimony "proportioned to [the wife's] needs and to the means of her husband" and, after the divorce, C.C. 160 authorizes, "out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. . . ."
Child support is not due only while a separation or divorce suit is pending; it is due for all needy children (even the ill-behaved); and its measure is not affected by the circumstance that the parents' divorce judgment has been affected.
See also Pascal, Work of the Louisiana Supreme Court, 1957, 17 La.L.Rev. 294, 312-313. ("The termination [in Thornton] of the alimony judgment in favor of the children is even less understandable.")
We are, however, bound by Thornton.[1]
NOTES
[1] LSA-R.S. 9:422.1 reads as follows:

§ 422.1 Adoptions by step-parent, grandparent; consent
"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or * * *"
[2] The father testified that his "good time discharge date" is October 5, 1977.
[3] See Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4th Cir. 1972).
[1] White v. Morris, 1959, 236 La. 767, 109 So.2d 87, similar to Thornton in its ruling but even less self-explanatory, is also criticized by Pascal, in Work of the Louisiana Supreme Court, 1960, 20 La.L.Rev. 201, 216.