378 So.2d 588 (1979)
In re Franklin D. DeROSIER, Applying for Adoption, Plaintiff-Appellee,
v.
Carlton Lynn DEAN, Defendant-Appellant.
No. 7312.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
*589 Steven Broussard, Lake Charles, for defendant-appellant.
Clanton & Johnson, John W. Johnson, Eunice, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
Carlton Lynn Dean, appellant, natural father of Michael Wade Dean, Karen Renee Dean, and Kimberly Lynn Dean, brings this appeal of the trial court's order allowing appellee, Franklin Dwain DeRosier to adopt his minor children without his consent. We affirm.
The sole issue presented is whether appellant's consent to the proposed adoptions has been rendered unnecessary because of his alleged failure to pay child support. LSA-R.S. 9:422.1 states:
"If the spouse of the petitioner is the legitimate parent of the child * * * the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner * * * [has] been granted custody of the child by a court of competent jurisdiction and (2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year * *."
The three children were born of the marriage between Linda K. Blackwell, appellee's wife, and Carlton Lynn Dean, appellant. This marriage was terminated by a judgment of divorce dated December 31, 1976, in Angeline County, Texas. The judgment gave Linda K. Blackwell custody of the three children. Appellant, Carlton Lynn Dean, was ordered to pay the total sum of $349.98 per month for child support as well as maintain hospitalization insurance on his children. Linda K. Blackwell married appellee, Franklin Dwain DeRosier on November 18, 1977.
It is uncontradicted that Carlton Lynn Dean, appellant, maintained hospital insurance and paid child support through April 15, 1978. He testified that he then cancelled the insurance and discontinued child support obligations due to a "falling out" with his former wife. It is further uncontradicted that appellant did not make any attempt to pay child support nor maintain *590 hospitalization for over 11 months following April 15, 1978.
On April 17, 1979 this adoption proceeding was filed. Subsequently, on April 25, 1979, the appellant's brother mailed a check dated that date representing a significant support payment to appellant's former wife. This check was rejected. This check came too late, because the one year period referred to in LSA-R.S. 9:422.1 had expired when the adoption petition was filed on April 17, 1979. If a parent under a court order to support his children has not made a significant support payment within a year prior to filing of the petition for adoption, that parent loses the right to prevent the adoption by withholding consent. In re Haynes v. Mangham, 375 So.2d 103 (La. 1979).
While there is no dispute about the above related facts, there is a dispute over whether or not the appellant caused a substantial payment to be made during March of 1979, which would have been within the year preceding the filing of the adoption petition. Appellant alleges that while he was working out of the country in Bahrain, on March 7, 1979 he wrote a letter to his parents in Sulphur, Louisiana, instructing that three and a half months of the arrearage be forwarded to his former wife. Randall Mark Dean, appellant's brother, testified that he had a Power of Attorney from appellant and that in late March of 1979 he mailed a check for $1225 to appellant's former wife. The latter testified she never received this check. This disputed fact question is crucial to our determination. If the check was sent and received, it happened within the one year period. Also, it would have been a significant support payment, being 29% of the annual support obligation. See In re Haynes v. Mangham, supra.
The trial court held that the check allegedly sent in late March by appellant's brother was never received, and that therefore no support was paid within the one year period.
In his oral reasons for judgment, the trial court said:
"There is nothing, except the testimony there's no check although there is a stub which was not introduced into evidence, however, butwhich would indicate that there had been a check sent in March, which would have been within the year's period. It was never received; it was never paid. Therefore, he did not support his children within the year's time."
As pointed out by the trial judge, the appellant could have paid the support into the Registry of Court as required by the divorce judgment to have assured that the children would have received the support.
We recognize that R.S. 9:422.1 is in derogation of the natural rights of a legitimate parent to the child and the child to the parent and must be strictly construed. In re Haynes v. Mangham, supra. Also, the provisions of the statute are not mandatory, and there may be circumstances where an adoption over the objection of the natural father should not be permitted despite the failure to make court-ordered support payments. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir. 1979).
In the leading case interpreting LSA-R.S. 9:422.1, In re Ackenhausen, supra, our Supreme Court said that a failure to pay support within the one year period does not dispense with the need for parental consent for the adoption if there is a justification for the failure to pay the support. For example, in the case of In re Adoption of Fouts, 254 So.2d 649 (La.App. 4th Cir. 1971), the Fourth Circuit held a natural father who became totally disabled and living off of only social security benefits had a just cause for not paying his child support obligation. The father, under those circumstances, did not forfeit his parental right to withhold consent to the adoption of his child.
The facts of our present case do not support the conclusion that any extenuating circumstance exists to justify non-support. Appellant testified that he had been employed from May, 1978 to September, 1978 at a monthly salary of $2,000. In September *591 of that year he quit his job and lived off $4,000 he had saved. During the three months appellant remained unemployed he lived with his parents in Sulphur, Louisiana. At the hearing in May, 1979, the appellant testified that he had been employed in Bahrain for the previous five months at a monthly salary of $1,975, plus free rent and utilities. It is clear that during this period the appellant had ample financial means with which to meet financial obligations.
We recently recognized in Adoption of Latiolias, supra, that where there had been maintained a continuing relationship between the child and the nonsupporting parent, and a state of mutual regard and affection existed, the adoption may be denied as not in the child's best interest even though by a failure of support the consent of the natural parent is not required.
The facts of the present case do not reflect a natural parent-children closeness and affection which might justify denial of the adoption as being in the best interests of the children. Appellant exercised visitation rights infrequently. He saw the children but twice during the year preceding this suit. During the three months in late 1978 that he was unemployed and living in Sulphur, Louisiana, and the children were living in Elton, Louisiana, he never saw them. They are happy living with appellant and excited about the adoption.
Our complete review of the record establishes that the finding below is not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record supports the finding of the District Court that the appellant failed to meet his support obligations for one year and that plaintiff-appellee was entitled to adopt the children without the consent of their natural father.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are taxed against the appellant.
AFFIRMED.