COVINGTON, Judge.
This is an appeal by the defendant, Bobby R. Vickers, from a judgment of the District Court decreeing the defendant to be an Habitual Offender as defined by LSA-R.S. 32:1472, prohibiting him from operating a motor vehicle upon the highways of the State of Louisiana and ordering the defendant to surrender to the District Court all licenses and permits to operate a motor vehicle upon the state highways. We affirm.
The facts are not in dispute. The defendant admittedly was convicted on March 25, 1974 of DWI; on July 30, 1974 of DWI; on December , 1975 of DWI; and on April 26,1976 of revocation violation. He admitted his four convictions within the five year period.
On appeal, the defendant first complains that the action to have him adjudged an Habitual Offender and to bar him from operating a motor vehicle upon state highways was not timely instituted, inasmuch as the petition was not filed until 14 days after the receipt of the abstract of the record despite the requirement of LSA-32:1474[1] that the petition shall be filed within ten days of the receipt of the abstract. This question has been decided adversely to the defendant’s position in State v. Skyeagle, 345 So.2d 189 (La.App. 3rd Cir. 1977), writ denied, 347 So.2d 261 (La.1977), where the Court specifically held that this was merely a directory, provision rather than a statute providing a prescriptive period for filing suits under the Motor Vehicle Habitual Offender Law. We agree with this interpretation of LSA-R.S. 32:1474, and consider the defendant’s argument on this point to be without merit.
It is established that the fundamental purpose of the Motor Vehicle Habitual Offender Act is to promote highway safety by denying driving privileges to habitual traffic law offenders. That portion of the *489 Act with which we are now concerned is civil in nature. State v. Page, 332 So.2d 427, 429 (La.1976).
In that case, the State Supreme Court stated:
“One purpose of the Act is, of course, to discourage repetition of criminal acts, but this alone is not sufficient to give the Act a penal character since deterrence of wrongful criminal conduct while often an object of criminal statutes may be an objective of a regulatory statute as well. See McDermott v. Wisconsin, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754 (1913); United States v. Kordel, 164 F.2d 913 (7th Cir. 1947), aff’d, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52 (1948).
“There are, of course, features of the Act not now before us which are penal, or criminal. For instance, 32:1480 may result in imprisonment for driving while classified as a habitual offender. However, this is an independent feature of the Act separate and distinct from the revocation proceeding.
“The two appellate courts in this state which have reviewed the statute have determined that the revocation proceeding is indeed a civil action. State v. Free, 321 So.2d 50 (La.App. 3rd Cir. 1975), writs refused, 325 So.2d 272; State v. Love, 312 So.2d 675 (La.App. 2nd Cir. 1975), writs refused, 317 So.2d 627. In State v. Love, supra, at 677, the Second Circuit held that the revocation proceeding was a civil matter for these reasons:
“ ‘The Motor Vehicle Habitual Offender Law authorizes both civil and criminal proceedings against a person related to his operation of a motor vehicle. The initial suit to have a person declared an habitual offender and to revoke his license is a civil matter. It does not involve loss of liberty or threat of incarceration, but its object is the protection of the public in removing from the highways a dangerous driver. R.S. 32:1474-78. On the other hand, two additional proceedings authorized by R.S. 32:1480 and 1481, which may result in enhancement of statutory penalties and imprisonment for driving while classified as an habitual offender, are clearly criminal actions. A previous civil declaration of habitual offender status is essential to the success of any subsequent criminal proceeding, but such prosecutions are necessarily separate and distinct from the civil revocation proceeding.’ ”
We now turn to the problem of prescription of the action, since it was not brought until three and one-half years after the last conviction for DWI. The defendant does not urge that any particular prescriptive period or prescription provision is applicable, but merely contends that the lapse of 3V2 years suffices to bar the proceedings instituted against him on May 7, 1979 (actually filed on March 26, 1979). The doctrine of laches is not recognized in Louisiana. Our attention has not been directed to any particular statute providing a specific time limitation for the bringing of the action to adjudicate a person as a motor vehicle habitual offender. In view of this absence of a specific prescriptive period, we find that the general prescription of ten years applicable to all personal actions, except those specifically provided for, governs this action. See LSA-C.C. art. 3544.
Accordingly, we affirm the judgment of the District Court at appellant’s costs.
AFFIRMED.

. LSA-R.S. 32:1474 provides:
“The district attorney, upon receiving the aforesaid abstract from the department, shall forthwith and within ten days after receipt of the abstract file a petition against the person named therein in the criminal district court for the parish wherein such person resides or, in the case of a nonresident, in the criminal district court of East Baton Rouge Parish. If the court is not in session when the aforesaid abstract is received by the district attorney or within ten days after its receipt, the district attorney shall file the petition within ten days after the court again convenes. The petition shall request the court to determine whether or not the person named therein is an habitual offender, and the court shall make its determination within thirty days after the petition is filed.”