PONDER, Judge.
Defendant appealed from a judgment adjudging him an habitual offender and revoking his driver’s license.
The issues are prescription and right to counsel.
We affirm.
Defendant, unrepresented by counsel, was convicted of driving while intoxicated on three occasions in 1975. Under the Motor Vehicle Habitual Offender Law, LSA-R.S. 32:1471 et seq., the Louisiana State Department of Public Safety-Driver Control Bureau certified the conviction record to the District Attorney’s office on April 23, 1979. On May 7, 1979, that office filed suit to have defendant adjudged an habitual offender.
After a hearing, defendant, not represented by counsel, was adjudged an habitual offender and his driver’s license was revoked.
Defendant, likening the revocation of a driver’s license to punishment by fine, argues the time limitations found in LSA-C.Cr.P. Art. 572[1] apply to habitual offender revocation proceedings. We find LSA-C. Cr.P. Art. 579 inapplicable, because the proceeding is a civil one. State v. Page, 332 So.2d 427 (La.1976).
The defendant then urges that prescriptive period of one or three years be applied to the civil action. In the recent case of State v. Vickers, 385 So.2d 487 (La. App. 1st Cir. 1980), we held that because the habitual offender statute does not contain a specific time limitation, the general prescription of ten years is applicable. LSA-C.C. Art. 3544. We are not persuaded to change that holding.
Defendant also claims the ten-day filing period required of the District Attorney by LSA-R.S. 32:1474[2] is mandatory. He urges dismissal as the appropriate sanction. He further claims he has been prejudiced by the District Attorney’s fourteen-day delay in instituting this action. Defendant’s claims have no merit. The provision for filing is merely directory and does not provide a prescriptive period. State v. Vickers, supra; State v. Skyeagle, 345 So.2d 189 (La.App. 3rd Cir. 1977), writ denied 347 So.2d 261 (La.1977). There is no evidence to show defendant was prejudiced by the fourteen-day delay.
Defendant next contends he was deprived of a constitutional right to counsel at his habitual offender hearing. He urges the prosecution should be required to establish affirmatively that a defendant “knowingly and intelligently” waived his right to counsel in all prior proceedings at which he was unrepresented, before the proceedings can be used in the habitual offender proceeding and hearing. The Louisiana Supreme Court *1289 in City of Monroe v. Fincher, 305 So.2d 108 (La.1974) held that Argersinger[3] prohibited the use of a prior uncounselled DWI conviction in the prosecution and imprisonment of a repeat DWI offender whether or not his sentence following the prior conviction included imprisonment. In applying these two cases to the Motor Vehicle Habitual Offender Law, the court in State v. Love, 312 So.2d 675 (La.App. 2d Cir. 1975), writ denied La., 317 So.2d 627, held that the constitutional safeguards of Argersinger and City of Monroe do not invalidate un-counselled misdemeanor convictions which result in only civil disabilities. The court stated: “To extend Argersinger to automobile driver license revocation proceedings would frustrate the legislatively determined state policy of removing habitually hazardous drivers from the highways. The constitutional foundations for Argersinger, the protections of fair trial and due process, do not require this result.” State v. Love, supra.
There is no constitutional right to counsel in a civil proceeding which does not result in loss of liberty. U.S.C.A.Const. Amend. 6, 14; LSA-Const. Art. 1, Sec. 13; Argersinger, supra. We conclude that the state, in a civil proceeding authorized by the Motor Vehicle Habitual Offender Law, may have an unrepresented person declared an habitual offender on the basis of prior uncounselled convictions.
Defendant lastly complains the court erred in failing to warn him of the gravity of the charges against him. The record reveals defendant admitted to the charges against him in open court. His certified conviction record from the Louisiana State Department of Public Safety-Driver Control Bureau showing three convictions for DWI within a five-year period was introduced into evidence. The court then advised defendant he faced a five-year revocation of his driver’s license as a result of being adjudged an habitual offender. We feel the hearing afforded defendant the due process required under the Motor Vehicle Habitual Offender Law. State v. Edwards, 353 So.2d 476 (La.App. 3rd Cir. 1977).
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.Cr.P. Art. 572:
“No person shall be prosecuted, tried, or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
(4) Six months, for a misdemeanor punishable only by fine or forfeiture.”

. LSA-R.S. 32:1474:
“The district attorney, upon receiving the aforesaid abstract from the department, shall forthwith and within ten days after receipt of the abstract file a petition against the person named therein in the criminal district court for the parish wherein such person resides or, in the case of a nonresident, in the criminal district court of East Baton Rouge Parish. If the court is not in session when the aforesaid abstract is received by the district attorney or within ten days after its receipt, the district attorney shall file the petition within ten days after the court again convenes. The petition shall request the court to determine whether or not the person named therein is an habitual offender, and the court shall make its determination within thirty days after the petition is filed.”

. In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) the United States Supreme Court held that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony unless he was represented by counsel at his trial.