441 So.2d 500 (1983)
In re MAY, Applying For Adoption.
No. 15859-CAJ.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
*502 John C. Blake, Jonesboro, for appellee.
Appellant, in pro. per.
Before PRICE, MARVIN and SEXTON, JJ.
SEXTON, Judge.
The natural father of the two minor children who are the subject of this adoption proceeding appeals the ruling of the trial court which severed his legal ties to his children who are six and seven years old. The names of the parties involved have been omitted in the title and in this opinion in accordance with LSA-R.S. 9:437. We affirm.
In pursuing this appeal, appellant presents six specifications of error. Specifications I and IV and VI present basically the same issue which is the most serious in the case, and will be discussed subsequently.
In specifications II and III, appellant respectively complains that the trial court failed to issue requested subpoenas duces tecum, and also complains that he was denied the opportunity to cross-examine his former wife, the mother of the two children who are the subject of the proceeding.
Appellant contends that he requested issuance of a subpoena requiring the Rapides Parish Jail to produce his arrest and incarceration records, and also that he requested that a subpoena be issued to the Huey P. Long Hospital for all records relating to any admittances he might have had there. The record does contain three requests for subpoenas duces tecum by appellant which are not stamped filed and contain no date. These requests seek incarceration information from the Rapides Parish Jail, and admittance information from Huey P. Long Memorial Hospital in Pineville, Louisiana and Central State Louisiana Hospital in Pineville, Louisiana. The only subpoena we were able to locate in our review of the record is one sent to Wade Correctional Center, where appellant is incarcerated, seeking records of appellant's earnings during incarceration and all records pertaining to any current or previous incarcerations related to him. Also contained in the record, labeled as Exhibit F-1, is a Louisiana Department of Correction Master Prison Record containing two sheets which relate to this appellant. We find no hospital records in this appellate record.
However, the appellant does not indicate in what fashion the prison record of his incarcerations is incomplete, nor does he tell us how he was prejudiced by the lack of hospital records. Also, with respect to this issue, and particularly with respect to the complaint about the disallowance of cross-examination of appellant's former spouse, we are unable to determine what occurred *503 during the trial of the cause, as the proceedings were not transcribed.
While Article 1, Section 19 of the Louisiana Constitution of 1974 would seem to require that the proceedings be transcribed, appellant apparently did not complain of the failure of the trial court to transcribe the evidence.[1] In his extensive brief to us, he has not indicated that he requested that the evidence be transcribed in accordance with LSA-C.C.P. Art. 2130. We presume that his failure to object operates as a waiver of the transcription.[2] Rights of judicial review and free access to the courts are not totally without legislative regulation. Thus, the Legislature has authority to prescribe reasonable rules governing the exercise of certain rights. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir.1976). The Legislature has done so with respect to the transcription of civil appeals and we do not find that the Article is in contravention of the constitutional provision.
Where there is no transcript the trial court's judgment is presumed to have been supported by competent evidence. Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982). Where as here, there are extensive reasons for judgment, those reasons may be used in lieu of the transcribed testimony. Robinson v. Jackson, 255 So.2d 846 (La.App. 2d Cir.1971), writ denied, 260 La. 700, 257 So.2d 155 (1972).
Therefore, in summary, we find no merit to appellant's contentions concerning failure of the subpoenas to issue, or with respect to the alleged denial of cross-examination. While we are not able to precisely judge appellant's contentions in this respect because of the lack of a transcript, that lack is attributable to him. Moreover, and just as importantly, appellant does not complain of what it is that he wished to prove by the subpoenas which were not issued. He does not tell us how any lack of hospital or incarceration records has prejudiced his case.
Furthermore, with respect to the issue of cross-examination, appellant only complains that he wanted to cross-examine his former wife in an effort to prove that he lived with her after the divorce and, as a result, was both visiting with and supporting the children at that time. Even accepting appellant's contention in this respect as a fact for the sake of argument, we are unable to discern that this fact would have assisted him in this cause. These parties were divorced in 1977, some six years ago, and it is only the relatively recent period of the last two years which are of real importance here. Since petitioner and the natural mother have been married for over three years, it is apparent that this circumstance, even if true, occurred so long ago as to be of no assistance to appellant.
Appellant's Specification of Error No. V complains that appellant was denied the assistance of an inmate as his counsel at this civil proceeding. Appellant is currently incarcerated at the Wade Correctional Institute as a result of a burglary conviction, and is indigent. Appellant is not entitled to assistance of an inmate as his counsel in a civil proceeding. He is not even entitled to an appointed attorney. See State v. Stafford, 394 So.2d 1287 (La.App. 1st Cir.1981). Furthermore, there is no allegation that appellant was denied counsel of his choosing or that he was prevented from obtaining the assistance of civil indigent counsel.
The principal issue in the cause is presented by appellant's Specifications of *504 Error Nos. I, IV and VI. Specification of Error No. I essentially contends that the stepfather seeking this adoption had no authority to proceed under LSA-R.S. 9:422.1. No. IV contends that nothing in the aforementioned statute requires the court to grant the adoption simply because the technical conditions are met. Specification No. VI asserts that the court erred in not considering appellant's involuntary incarceration as a just cause for failure to provide support. Thus all of these complaints essentially assert that the trial court was in error in its application of LSA-R.S. 9:422.1.[3]
The statute clearly provides that where, as here, the party seeking adoption is the spouse of a legitimate parent that the consent of the other legitimate parent to the adoption is unnecessary if that parent has refused without just cause to comply with a court order of support for a period of one year, or if the other parent has failed to communicate or visit with the children without just cause for a period of two years.
In written reasons for judgment, the trial court found that appellant and the children's mother were divorced in April of 1977 with the mother being granted custody and appellant ordered to pay $250 per month for support of the children. Appellant was incarcerated in the Rapides Parish Jail from March of 1978 until sometime in September of 1979. He was reincarcerated in June of 1980 and has so remained. The trial court also found that the mother and petitioner were married in June of 1980 and have had continuous custody of the children since that time.
The trial court noted that the children's mother testified that appellant had only paid a total of $250 in child support since April of 1977, the last payment being $50 in December of 1979. The children's mother and petitioner also testified that appellant had not communicated, visited or attempted to communicate with the children for over two years. There have been no cards, letters, or gifts sent the children during that period of time.
Appellant conceded that he did not pay any personal support for the children in excess of that testified by his former spouse, but urged his incarceration as an excuse. The appellant also conceded that he had not communicated or attempted to communicate with the children for over two years. He stated, however, that he had "just cause" for not doing so in that in 1980 his mother had tried to visit the children and had received a cool reception from their mother and the petitioner.
The trial court found that appellant's involuntary incarceration was not just cause for his failure to provide support because his commission of the offense for which he was incarcerated was not shown to be involuntary. While the trial court recognized that appellant was unable to visit the children because he was in jail, his failure to communicate was not thereby excused. The court labeled the failure to communicate because of the alleged treatment of appellant's mother as "a feeble excuse." The trial court noted that the petitioner was at liberty for nineteen months between the divorce in April of 1977 and his second incarceration in June of 1980, and only paid $250 during that entire period of time. The *505 court thus held that he had failed to provide support for a period of one year.
The trial court further found that the adoption was clearly in the best interest of the children, noting that petitioner is an attorney, a regular church member, and that the report of the Department of Health and Human Resources reflects that petitioner's home is "exemplary."
As we appreciate it, the three specifications of error of the appellant previously referenced with which we now deal, can be summarized as contending that LSA-R.S. 9:422.1 is in derogation of natural rights and should be strictly construed; that adoption is not in the best interest of the children; and that appellant was justified in his failure to communicate and to pay support.
Of course, appellant is correct that the statute in question is to be strictly construed. Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir.1977). It is also correct that even if failure to support has been proven, the court still must determine that adoption, and thus the severance of the filial ties with the natural parent, are in the best interest of the children. In Re Hinton, 390 So.2d 972 (La.App. 2d Cir.1980). Furthermore, it is not sufficient to simply examine the love and home environment provided by the petitioner. It is also necessary to determine the closeness of the child's ties with the non-custodial parent and the effect this loss would have on the child. In Re Glass, Applying for Adoption, 424 So.2d 383 (La.App. 2d Cir.1982).
It is clear from the opinion of the trial court that the home environment provided for the children by petitioner is excellent. While the trial court did not examine the relationship between the children and the natural father, it is also clear that there is no relationship to evaluate. It is apparent that it is in the children's best interest to be adopted by petitioner. We must therefore determine whether appellant's failure to communicate or support was justifiedfor if not, his consent is unnecessary.
Appellant has been convicted of the offenses of forgery and burglary and has been at liberty only 19 months since his divorce from the children's mother. The circumstance of his incarceration is certainly detrimental to his relationship to the children. Of course, his failure to visit the children since his incarceration cannot be attributed to him. However, his failure to communicate with the children is certainly chargeable to him. We would think that a father situated such as this who had a real concern for his children would recognize that, in order to maintain a relationship under these circumstances, an extra effort is necessary. It is obvious that petitioner has indeed failed to communicate with the children for over two years, and there is no just cause for that failure.
Furthermore, it is apparent that the father was not justified in failing to support these children. Support in the context of LSA-R.S. 9:422.1, which the parent must provide in order for his consent to adopt to be necessary, is termed as "significant" support. While each case must be viewed in light of its particular circumstances, significant support has been defined as being something only in the range of twenty to thirty percent of the alimentary obligation. Haynes v. Mangham, 375 So.2d 103 (La. 1979); DeRosier v. Dean, 378 So.2d 588 (La.App. 3d Cir.1979).
Furthermore, in In Re Brannon, 340 So.2d 654 (La.App. 2d Cir.1976), this court held that extended incarceration for a serious offense is not just cause for failure to support. We are aware that Fourth Circuit distinguished Brannon in Adoption of Rapp, supra, which was a burglary conviction with a sentence of eight years incarceration. However, Brannon admonishes that each case is to be judged on its own particular circumstances. We thus hold that under the circumstances here presented the appellant has not provided significant support in accordance with LSA-R.S. 9:422.1 such that his consent is required for adoption. Some 79 months have elapsed from the date of the divorce of these natural parents until now. The defendant has *506 been incarcerated for two separate offenses for about 60 of these months, or approximately 75% of the time. His last payment was only $50. It was made in December of 1979 and raised his total payments since the divorce to only $250, which is the total support awarded for only one month. He was not jailed on the second occasion until some seven months after the last payment. Under these circumstances we have no difficulty finding that the defendant has not provided significant support for one year, nor is his failure to do so excused by his incarceration.
Therefore, in summary, we find that the record shows that the appellant has neither communicated with or supported the children who are the subject of this cause within the periods required, and that these failures are without justification. His consent to the adoption is therefore unnecessary under the provisions of LSA-R.S. 9:422.1 and the adoption of the children by the stepfather/petitioner is in their best interest. For these reasons the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Article 1, Section 19 of the Louisiana Constitution of 1974 states:

"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
LSA-R.S. 9:437, which requires adoption proceedings to be heard in Chambers with no persons present other than the parties; attorneys, and officers of the court, is not inconsistent with this constitutional provision.
[2] However, note that it is well-settled that in a criminal proceeding, waiver of the right to transcription will not be presumed. State v. Le-Blanc, 367 So.2d 335 (La.1979).
[3] LSA-R.S. 9:422.1 states:

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child then the consent of the other legitimate parent is not necessary when the spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.
(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years."