LINDSAY, Judge.
Defendant, Edd Seabery, appeals his adjudication as a habitual offender under the Motor Vehicle Habitual Offender Law, LSA-R.S. 32:1471, et seq. He contends that the district court erred in failing to find that the one year prescriptive period of LSA-C.C. Art. 3492 applied to bar the institution of these proceedings against him. Finding no error in the district court’s ruling, we affirm.
According to the certified record, within a five year period the defendant was convicted three times of offenses enumerated in LSA-R.S. 32:1472. The defendant states that he was not notified that the State would institute habitual offender proceedings against him until July of 1984, approximately two years and five months after his last conviction on February 24, 1982. After an administrative hearing, the Department of Public Safety suspended the defendant’s license for a period of three years. The defendant appealed this judgment to the Fourth Judicial District Court alleging that the habitual offender proceedings should have been barred as not having been timely instituted. In a judgment signed January 23, 1985, the trial court rejected the defendant’s contentions and upheld the suspension ordered by the Department of Public Safety. The defendant was granted a suspensive appeal from that decision. He asserts as error before this court the district court’s finding that the one year prescriptive period of LSA-C.C. Art. 3492 does not apply to adjudications under the Motor Vehicle Habitual Offender Law.
LSA-C.C. Art. 3492, governing delictual actions, provides that “Delictual actions are subject to a limited prescription of one year. This prescription commences to run from the day injury or damage is sustained.”
The defendant argues that an adjudication under the Motor Vehicle Habitual Offender Law is a civil proceeding, without a stated prescriptive period, and that LSA-C.C. Art. 3492 governs the action. He contends that his vehicular offenses should be considered “public delicts” affecting the peace and security of the community at large, and that because LSA-R.S. 32:1471 was created to prevent further harm by multiple offenders, the applicable prescriptive period should be short due to the great public interest involved.
Our review of the statutes in question reveals that a ten year prescriptive period is applicable to this situation. LSA-C.C. Art. 3499 provides that “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.”
As there is no specific provision in the Motor Vehicle Habitual Offender Law concerning prescription, the ten year prescriptive period provided by this article is applicable.
This question has been previously addressed by the First Circuit Court of Appeal in State v. Vickers, 385 So.2d 487 (La.App. 1st Cir.1980). There, the court found that the general prescription of ten years under LSA-C.C. Art. 3544, the predecessor to LSA-C.C. Art. 3499, was applicable to the defendant’s appeal of his adjudication as a habitual offender. The proceedings in that case were brought three and one-half years after the defendant’s last conviction of driving while intoxicated. In State v. Stafford, 394 So.2d 1287 (La.App. 1st Cir.1981), that court again upheld the ten year prescriptive period in habitual offender adjudications.
In the instant case we agree with the determination of the district court that the one (1) year prescriptive period of LSA-C.C. Art. 3492 is not applicable to habitual offender adjudications. The State timely instituted this proceeding against the defendant within the ten year prescriptive period of LSA-C.C. Art. 3499. Accordingly, we affirm.
AFFIRMED.