320 So.2d 195 (1975)
STATE of Louisiana
v.
Wilbert MARCELL.
No. 56387.
Supreme Court of Louisiana.
October 1, 1975.
*196 Bernard E. Burk, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John W. Sinquefield, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Wilbert Marcell, was convicted of distribution of phenmetrazine, a controlled dangerous substance, in violation of La.R.S. 40:968, subd. A. He was sentenced to pay a fine of $1500 plus court costs, or in default to serve six months in the parish jail, and to serve 9½ years at hard labor in the custody of the Director of the Department of Corrections.
After trial and conviction, defendant dismissed his trial counsel and retained a second attorney to represent him on appeal. Retained appellate counsel was substituted as defendant's counsel of record, and in accord with article 844 of the Louisiana Code of Criminal Procedure, he filed with the trial court an assignment of errors setting forth fourteen specific matters to be argued on appeal.
Defendant admits, and our review of the record verifies, that with respect to only one of the assigned errors was an objection made during trial by defendant's trial counsel. This assignment denotes as error the overruling of a defense objection to the introduction into evidence of the phenmetrazine pills, defendant having urged that the chain of custody had not been established. The merit of that assignwill be discussed.
The distribution for which defendant was convicted involved a sale of five phenmetrazine pills to agent Burns, an undercover police officer. The sale was made at defendant's apartment in the early morning hours of February 2, 1974. The record reveals that after purchasing the phenmetrazine pills, Burns returned to his office. With him was Earl Wright, an undercover investigator for the Office of the District Attorney, who had driven with Burns to defendant's apartment but who had remained in the car for surveillance purposes during the purchase. Burns and Wright consulted a Physician's Desk Reference, and identified the pills, which contained the marking BI 62, as phenmetrazine (preludin), a controlled dangerous substance.
Officer Burns locked the pills in his briefcase and kept the briefcase in his possession at his home until midday, when upon returning to work, he turned the pills over to his superior, Sergeant Pruitt. The pills were placed in an evidence envelope, which was labeled, sealed, and placed in the evidence locker. Sergeant Pruitt had sole access to this locker. The pills remained in the evidence locker until Sergeant Pruitt removed the envelope and took it to the State Police Crime Laboratory. There the pills were given to Paul Cobb, an employee of the crime lab, who in turn gave Sergeant Pruitt a receipt. The pills were eventually independently analyzed by two chemists employed by the crime lab, Ronnie Jewell and Grace Johanson. Miss Johanson brought the evidence envelope containing the pills to court on the day of trial.
Defendant's contention that the chain of custody was not established is based on the fact that neither Paul Cobb nor Ronnie Jewell testified at trial.
We find no merit in defendant's assignment of error. The evidence taken as a whole was sufficient to establish a chain of custody to permit introduction of the pills. Burns, Wright and Sergeant *197 Pruitt all identified the pills brought to court by Miss Johanson as the pills they had seen earlier and placed in the evidence envelope. It is well settled that evidence may be admitted if the custodial showing establishes that it is more probable than not that the evidence presented at trial is that which is connected with the case. The weight afforded the evidence is a factual matter for the jury. State v. Sibley, 310 So.2d 100 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
There is no merit in this assignment of error.
With respect to the remaining thirteen assignments of error,[1] a review of the record discloses that trial counsel made no objection during trial at the time these alleged errors occurred. Nor does it appear, with respect to any of these asserted errors, that counsel for the defendant moved for a mistrial.
These thirteen assignments present nothing for review, for Article 841 of the Louisiana Code of Criminal Procedure provides:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.. . . It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
By failing to make a timely objection, a defendant waives his right to subsequently attack the judgment of conviction on grounds of error or irregularity. State v. Craddock, 307 So.2d 342 (La.1975); State v. Refuge, 300 So.2d 489 (La. 1974); State v. Bowen, 292 So.2d 197 (La.1974); State v. Lewis, 288 So.2d 324 (La.1974); State v. Sullivan, 159 La. 589, 105 So. 631 (1925); State v. West, 105 La. 639, 30 So. 119 (1901).
Notwithstanding the foregoing, counsel for defendant argues that under the provisions of Article 1, § 19 of the Louisiana Constitution of 1974[2] defendant is entitled to a review of his assignments of errors despite the failure of trial counsel to object at the time the alleged errors occurred. Defendant interprets Article 1, § 19, guaranteeing a defendant the right of review unless the defendant intelligently waives that right, as meaning that a defendant does not lose his right to a review of trial errors unless he knowingly and intelligently waives his right to object or his right to demand a mistrial. He cites Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972) for the proposition that an accused should not be presumed to have exercised a deliberate choice because of silence *198 or inaction, and Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972) for the proposition that a waiver must be the product of an understanding and knowing decision of the accused himself, who is not necessarily bound by the decision or default of his counsel.
Because Barker involved an alleged waiver of the right to a speedy trial and Humphrey a waiver of state remedies such as would bar federal habeas corpus relief, we do not find those cases dispositive of the issue with which we are here concerned. We would apply the principles of waiver expressed in Barker and Humphrey if in the instant case defendant were before us seeking an out of time appeal, arguing that while his counsel may have failed to take the proper steps to perfect an appeal, he himself had not intelligently or knowingly participated in that decision or neglect. We read Article 1, § 19 of the Louisiana Constitution of 1974 as establishing the right to an appeal and as conferring on the accused, and the accused alone, the right to waive this right. But it is apparent that defendant in the instant case has been afforded his right to appeal. His conviction is properly before this Court for appellate review, and we have reviewed his conviction insofar as Art. 841, C.Cr.P. allows. The problem is thus not that defendant is being denied the right to an appeal, but that the extent of this appellate review has been limited by the failure of his trial counsel to object to alleged errors occurring during trial.
The contemporaneous objection rule, as embodied in Article 841 of the Louisiana Code of Criminal Procedure, is necessary in order to promote judicial efficiency and in order to prevent a defendant from gambling for a favorable verdict and then, upon conviction, resorting to appeal on errors that might easily have been corrected by objection at trial. The rule is a reasonable one when viewed in light of the Sixth Amendment right to counsel, for an accused is not forced into a trial to fend for himself, but is instead afforded the opportunity to be represented by counsel trained in the intricacies of the law. While an accused may easily be informed of or educated in some of his fundamental rights and options, such as the right to assistance of counsel, the right to a speedy trial, and the right to exercise the privilege against self-incrimination, such education is not possible when it comes to the intricate and numerous rules governing trial by judge or jury. Consequently, during the course of trial, a defendant must rely upon his counsel, and the acts and choices of counsel are deemed to be those of the defendant himself. Where it appears that counsel has failed in his professional duty toward a defendant, our system affords a defendant relief through a writ of habeas corpus alleging incompetent or ineffective counsel, in effect the deprivation of the right to the assistance of counsel. Competence or incompetence of that counsel is not before us in this appeal.
We conclude, therefore, that Article 841 of the Louisiana Code of Criminal Procedure does not violate Article 1, § 19 of the Louisiana Constitution of 1974. While the constitutional provision does afford each defendant the right to judicial review based upon a complete record of all evidence upon which the judgment is based, the extent of this right is circumscribed by reasonable procedural formalities and requirements, including contemporaneous objections and the filing of assignments of error.
Having found no merit in defendant's one assignment of error, and no errors discoverable by a mere inspection of the pleadings and proceedings, we affirm the defendant's conviction and sentence.
NOTES
[1] These thirteen assigned errors are the following:

1. The trial court erroneously instructed the jury venire concerning the general qualifications necessary to be a juror (Assignment of Error No. 1);
2. The prosecutor was erroneously allowed to inform the jurors during voir dire and again during closing argument of the maximum sentence for the crime charged (Assignments of Error Nos. 2 & 6);
3. Evidence of other crimes was purportedly presented before the jury in the prosecutor's opening statement, in the testimony of a state witness, and in the prosecutor's closing argument (Assignments of Error Nos. 3, 4 and 9);
4. The prosecutor made erroneous factual statements and implications during closing argument (Assignments of Error Nos. 7 and 8);
5. The trial court erroneously instructed the jury (Assignments of Error Nos. 10, 11, 12 and 14);
6. The trial court during his charge to the jury indirectly commented upon the evidence (Assignment of Error No. 13).
[2] Article 1, § 19 provides in pertinent part:

"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived."