327 So.2d 413 (1976)
STATE of Louisiana
v.
Ronald G. MOUTON.
No. 57057.
Supreme Court of Louisiana.
February 23, 1976.
*414 Thomas E. Guilbeau, Lafayette, for defendant-appellant.
*415 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Ronald G. Mouton, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged and was subsequently sentenced as a multiple offender to serve fifty years at hard labor. On appeal, he relies upon five assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion for a new trial on the ground that there was no evidence to support an essential element of the crime charged, viz., the element of theft. When a defendant in a motion for new trial alleges there is no evidence to support an essential element of the crime charged, assigns as error the overruling of the motion, and makes the transcript of evidence a part of the assignment, a question of law is raised for review by this Court. State v. Owens, 301 So.2d 591 (La.1974).
The victims, Debbie Gautreaux and Dwight Mouton, testified that on the night of the robbery defendant visited their trailer in the company of several others and inquired about purchasing some drugs. They told defendant that they had nothing to sell and he left. Minutes later, defendant returned, alone and armed with a shotgun, demanding that he be given either drugs or money. He struck Dwight Mouton twice, in the leg and forehead, took $185.00 from the dresser and a .38 caliber pistol from Ms. Gautreaux's purse, and left.
Hence, the record contains ample testimony to establish that there was a theft. Defendant, however, argues that this testimony was completely refuted by the divergent view of the facts which he related on the stand. Thus, it appears that defendant is challenging not the alleged lack of evidence presented by the State but the sufficiency of that evidence, which is not reviewable on appeal. State v. Barnard, 287 So.2d 770 (La.1973). This assignment, therefore, is without merit.

ASSIGNMENTS OF ERROR NOS. 2 and 3
These assignments relate to exchanges which occurred during trial between the victim, Dwight Mouton, and defense counsel in which Dwight Mouton said he heard the defendant had shot somebody with the victim's pistol after the alleged robbery. Defense counsel failed to object to this testimony, and, in fact, encouraged the witness to repeat it. Defendant assigns as error both the failure of his counsel to object and the failure of the trial judge to instruct the jury to disregard the remarks.
La.Code of Criminal Procedure, Article 771 provides, in pertinent part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial." (Emphasis added.) *416 Absent a request by the defendant or the state, the court is not required to act. Furthermore, the trial judge justifiably may have been reluctant to ex proprio motu curtail testimony elicited by defense counsel on the grounds that it was prejudicial to the defendant. The error was waived by counsel's failure to timely request an admonition or move for a mistrial. La.C.Cr.P. art. 771. See La.C.Cr.P. art. 770, comment (b).
Defendant's complaint based on his counsel's failure in this regard amounts to an assertion that he was represented by incompetent counsel. However, a defendant is presumed to concur in the acts and choices of his counsel:
"While an accused may easily be informed of or educated in some of his fundamental rights and options, such as the right to assistance of counsel, the right to a speedy trial, and the right to exercise the privilege against self-incrimination, such education is not possible when it comes to the intricate and numerous rules governing trial by judge or jury. Consequently, during the course of trial, a defendant must rely upon his counsel, and the acts and choices of counsel are deemed to be those of the defendant himself." State v. Marcell, 320 So.2d 195, 198 (La.1975).
The proper remedy, should defendant wish to avail himself of it, is through a writ of habeas corpus:
"Where it appears that counsel has failed in his professional duty toward a defendant, our system affords a defendant relief through a writ of habeas corpus alleging incompetent or ineffective counsel, in effect the deprivation of the right to the assistance of counsel. Competence or incompetence of that counsel is not before us in this appeal." Id.

These assignments are not reviewable by this Court.

ASSIGNMENT OF ERROR NO. 4
During the cross-examination of defendant, the following question was propounded by the district attorney:
"You have been sitting here all day listening to everybody else testify, huh?"
Defense counsel objected on the grounds that the question was argumentative, and the court overruled the objection. However, the defendant never answered the question, and the district attorney immediately proceeded to question him on another subject.
Defendant now claims that the remark was so prejudicial as to require a mistrial under La.C.Cr.P. art. 770. This argument is without substance. As noted above, comment (b) to Article 770 provides: "A failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant."
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 5
Finally, defendant argues that the court erred in allowing the prosecutor to direct rhetorical questions toward one of the jurors in an attempt to discredit defendant's testimony.
Once again, defendant failed to contemporaneously object to the alleged error, and thereby waived his right to subsequently attack his conviction on these grounds. La.C.Cr.P. art. 841.
Nevertheless, we find that the prosecutor's tactic did not appeal to prejudice, and was merely a reply to defendant's closing argument, within the scope of La.C.Cr.P. art. 774.
For the reasons assigned above, the conviction and sentence are affirmed.