334 So.2d 392 (1976)
STATE of Louisiana
v.
Rickey B. BIZETTE.
No. 57360.
Supreme Court of Louisiana.
June 21, 1976.
*393 C. Alvin Tyler, C. Alvin Tyler & Associates, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Rickey B. Bizette was charged by bill of information with the crime of operating a vehicle while intoxicated on April 20, 1975, in violation of La.R.S. 14:98. After trial by a judge, he was found guilty and was sentenced to pay a fine of $200.00 and costs or in default thereof to serve sixty days in the parish jail. We granted the defendant's application for a writ of review under our supervisory jurisdiction. La. Const. art. 5, § 5(A) (1974); La.Code Crim.P. art. 912.1.
Defendant's sole assignment of error complains of the trial court's denial of his motion for a judgment of acquittal. In a trial by the judge alone, the court shall enter a judgment of acquittal if the state presents no evidence that the accused committed the crime or an essential element thereof. La.Code Crim.P. art. 778. as amended, La.Acts 1975, No. 527, § 1; State v. Douglas, 278 So.2d 485 (La.1973). Contending that there is no evidence of his operation of a motor vehicle, an essential element of the crime charged, defendant asks that we reverse the conviction and sentence and either remand the case to the trial court for a judgment of acquittal, or, in the alternative, remand the case for a new trial.
Owing to substantial omissions from the transcript of the trial proceedings, we are unable to determine whether the trial court erred in denying defendant's motion for a judgment of acquittal.
At the trial of this case, the state presented one witness, Trooper E. W. Sivula, the patrolman who arrested defendant on April 20, 1975 at about four o'clock in the morning for operating a vehicle while intoxicated. The greater part of the trooper's testimony, however, was not recorded at trial. In a note annexed to the transcript, the court reporter states that not all the testimony could be transcribed because the recording equipment malfunctioned. In oral argument before this court, it was asserted that defendant's counsel at trial was not aware that the recording equipment was note operating properly.
The portion of the testimony that was recorded begins with the concluding part of Trooper Sivula's testimony. Dealing largely with the fact that defendant was advised of his Miranda warnings following his arrest, his recorded testimony relates neither the events leading up to defendant's arrest, the officer's observation of his intoxicated condition at that time, nor the results of any PEI or other sobriety tests that may have been given. After Trooper Sivula's testimony comprising the state's case in chief, the transcript continues with *394 the testimony of the defense witnesses, including the defendant, and the trooper's very brief rebuttal testimony. At that point, the court reporter notes that the recording equipment again began to malfunction, and that she is consequently unable to report what occurred during the remainder of the trial.[1]
The state argues that, since the crime charged herein is a misdemeanor, defendant waived his right to judicial review based upon a complete record of all evidence upon which the judgment is based because he did not move for recordation of the proceedings.
Article 843 of the Code of Criminal Procedure, as amended, La.Acts 1975, No. 118, § 1, provides as follows:
In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
Defendant's counsel in oral argument stated that it was the practice of the Nineteenth Judicial District Court to record the proceedings in trials for misdemeanor offenses, even in the absence of a motion therefor. Further, as stated above, counsel also was under the impression that the entire proceedings were being recorded and was not aware that, because of the malfunctioning recording equipment, a substantial portion of the trial was not in fact recorded. In our view, under the circumstances here presented, a motion of the defendant for recordation of the trial proceedings, as required by article 843, would have been a vain and useless act. Accordingly, we cannot say that defendant intelligently waived his right of judicial review based upon a complete record of all evidence upon which the judgment is based. La.Const. art. 1, § 19 (1974). On the other hand, we find no evidence, nor is it even alleged, that the failure of the recording equipment to function properly throughout the trial was due to bad faith on the part of the state. We therefore reverse the conviction and sentence and remand the case for a new trial in accordance with law.

DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial in accordance with law.
SUMMERS, J., dissents.
NOTES
[1] We note that the incomplete record before us contains no admissible evidence that defendant was intoxicated, an essential element of the crime charged. Defendant testified that he had drunk a few beers on the night of his arrest, but maintained that he was sober when operating the motor vehicle. The Alcoholic Influence Report Form, filed into evidence over defendant's objection, contains Trooper Sivula's observations of defendant's condition at the time of his arrest. The form states that defendant was asleep or passed out at the wheel of his car (parked on the shoulder of the highway), that he had a strong odor of alcohol on his breath, and that he failed the field sobriety tests given. The trooper's observations, however, were inadmissible at trial because they were hearsay. La.R.S. 15:434.