390 So.2d 504 (1980)
STATE of Louisiana
v.
Lee Arthur SIMMONS.
No. 67244.
Supreme Court of Louisiana.
November 10, 1980.
*505 Sam N. Gregorio, Gregorio & Frazier, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., James C. McMichael, William B. Faust, III, James F. McKay, III, Asst. Dist. Attys., for plaintiff-respondent.
WATSON, Justice.
Defendant, Lee Arthur Simmons, was convicted on June 16, 1977, at a bench trial of aggravated battery, in violation of LSA-R.S. 14:34. He was sentenced to ten years at hard labor. No appeal was taken by defendant's counsel from the conviction and sentence, and Simmons now contends that he did not waive his right to appeal.
More than one year after trial, on August 22, 1978, Simmons applied for a transcript so that he could appeal his conviction. The trial court was ordered to furnish the transcript upon payment of costs in advance, but it was discovered that the recordings had been destroyed in a fire at the court reporter's home on January 31, 1978. Simmons commenced habeas corpus proceedings, contending that he had been denied effective assistance of counsel and that the unavailability of the trial record constituted a denial of his right to appeal. The trial court held that defendant had waived his right to appeal, relying primarily on an affidavit by Simmons' trial attorney.
William Lowe, Simmons' court appointed attorney, executed an affidavit on August 15, 1979, two years after trial. The affidavit states that Lowe advised Simmons of his right to appeal on the date of sentencing but Simmons did not request an appeal. Lowe was later contacted by Jeanetta Lewis, Simmons' "common law wife", who advised him in three telephone conversations that another attorney had been hired.
An evidentiary hearing was ordered and held. The trial court found that defendant had waived his right to appeal, and denied his request for an out of time appeal. A writ was granted to review that decision.
The issue is whether Simmons intelligently and knowingly waived his right to appeal.
Simmons was aware that appeal was a possibility. He testified that he told his lawyer to appeal immediately after he was sentenced. According to Simmons, his lawyer replied that he would talk to him upstairs in the parish jail, but Simmons never saw him again. Simmons was then placed in maximum security in the Caddo Correctional Institute and did not have access to a telephone.
At the hearing on March 20, 1980, three years after trial, attorney Lowe in effect testified contrary to his earlier affidavit stating:
"I don't remember ever directly having a conversation with him about the appeal. I'm not saying that I did not do so.... I don't remember ever discussing it with him directly, after the sentencing for sure, ... I'm sure that there was some delay between trial and sentencing, but after the sentencing, I certainly did not. I never discussed it with him...." (Emphasis added.)
* * * * * *
"I don't remember any contact with him after the trial, before sentencing or during sentencing or after sentencing where we discussed appeal. I don't remember any contact with him about that."
Since the affidavit was not a contemporaneous record, there is no reason to give it greater weight than the later testimony. At the hearing, Lowe candidly admitted that it was possible Simmons had mentioned an appeal to him at the sentencing. Lowe was of the opinion that an appeal from a bench trial would be fruitless. Simmons' testimony that he asked for an appeal is uncontradicted.
The testimony of Simmons' mother, sister and former paramour was that he repeatedly asked them about his appeal after he was incarcerated. Jeanetta Lewis, married in the interim to a Mr. Perkins, said she had *506 the impression from Lowe that Simmons' case would be appealed.
Simmons first asked for a trial transcript in August of 1978. The court reporter's affidavit that the record was destroyed by fire is dated April 16, 1979. Although the fire took place on January 31, 1978, there is no evidence that Simmons knew about it prior to the date of the affidavit. The trial transcript request cannot be characterized as resulting from the fire.
The Louisiana Constitution of 1974 provides in Article 1, § 19, for the right to judicial review:
"No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law."
There is a constitutional right in Louisiana to an appeal. This right can only be waived by the defendant himself. State v. Marcell, 320 So.2d 195 (La., 1975). Any waiver of right to appeal must be an informed one. Arrastia v. United States, 455 F.2d 736 (5 Cir. 1972); Flanagan v. Henderson, 496 F.2d 1274 (5 Cir. 1974). It is apparent that Simmons was not offered an appeal by his attorney. Lowe admitted that he did not contact Simmons after the sentencing about his right to an appeal. An attorney must advise his client of his appellate rights. Lumpkin v. Smith, 439 F.2d 1084 (5 Cir. 1971); Riser v. Craven, 501 F.2d 381 (9 Cir. 1974).
As stated by the well-known authority on judicial process, Judge Ruggero J. Aldisert:[1]
"... a state's obligation to furnish counsel is not discharged when the verdict is read and sentence is imposed. The equal protection clause and the due process incorporation of the sixth amendment require that an indigent be afforded the assistance of legal counsel at every critical stage throughout the criminal process. And to insure the effectiveness of such assistance, the appointed trial attorney has been charged with the duty of respecting his client's desire to file an appeal, even if in his best professional judgment the appeal is utterly without merit." United States ex rel O'Brien v. Maroney, 423 F.2d 865 at 868 (3 Cir. 1970).
Lowe was apparently misled by Jeanetta Lewis, but her intercession did not relieve him of his obligation to his client. Kent v. United States, 423 F.2d 1050 (5 Cir. 1970). The evidence is that Simmons wanted an appeal, and there is no proof that he waived that right.
For the foregoing reasons, the ruling of the trial court herein is reversed and the trial court is ordered to grant defendant an out of time appeal.[2]
REVERSED AND REMANDED.
NOTES
[1] Author of Aldisert, The Judicial Process, West, 1976.
[2] Since an out of time appeal cannot be perfected because of the record's destruction, it appears a new trial will be necessary. State v. Bizette, 334 So.2d 392 (La., 1976). However, that determination must await further proceedings.