DOMENGEAUX, Judge.
On December 8, 1980, the defendant was charged by bill of information with the crime of armed robbery, a violation of La. R.S. 14:64. He initially requested a trial by jury, but later petitioned the court for a bench trial. He was subsequently tried and found guilty as charged.
Before sentencing, the trial judge ordered a pre-sentence investigation. After the investigation, the defendant was sentenced as a habitual offender to 75 years at hard labor without benefit of probation, parol or suspension of sentence.
An appeal of this conviction was not perfected by defendant’s appointed counsel. *1386 Defendant claims he was under the impression that once he was convicted, an appeal was automatically filed by his trial attorney in order to finalize the conviction. However, after inquiring, defendant received a response from his trial attorney informing him that no appeal would be filed. On application for writ of habeas corpus defendant claims he did not waive his right to appeal and we thus granted this out of time appeal. State of Louisiana v. Simmons, 390 So.2d 504 (La.1980).
In response thereto defendant's newly appointed attorney filed the following assignments of error: (1) The trial judge erred in denying defendant’s objection to the introduction of the money which had been stolen; (2) The sentence imposed upon defendant was excessive and unsupported by the facts and circumstances of the case. However, as neither brief nor argument has been presented to this Court in support of defendant’s first contention, this assignment has been abandoned upon appeal. State v. West, 419 So.2d 868 (La.1982).
The defendant also raises in his appellate brief a new assignment of error, to-wit: (1) The State of Louisiana failed to prove beyond a reasonable doubt the identity of the defendant, Berry Ceasar, as the individual who participated in the robbery on November 9, 1980.
This assignment, though briefed for the Court, cannot be addressed because a new basis for an objection cannot be raised for the first time on appeal. La.C.Cr.P. Art. 841, State v. Feeback, 414 So.2d 1229 (La.1982).
The defendant also alleged the following assignment of error in his appellate brief: (2)The State of Louisiana failed to meet its burden of proof in the habitual offender hearing, thereby sentencing the defendant Berry Ceasar, to excessive and improper sentencing. We note that this assignment briefed for the Court does not complain of the excessiveness of the sentence in the same language as does the assignment earlier filed. Nevertheless,, the assignment filed and the assignment briefed both complain of excessiveness. To that extent an assignment of error complaining of an excessive sentence has been timely filed and briefed for this Court. We shall therefore address that issue.[1]
As to determining what is excessive punishment under the Eighth Amendment’s prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). However, due to the trial judge’s unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado and Goodman, supra; State v. Forshee, 395 So.2d 742 (La.1981).
The defendant was subject to a 198 year term of imprisonment when he was convicted and adjudged a habitual offender. Under the circumstances set out herein it seems to us that the 75 year sentence is indeed proper considering the defendant as *1387 a habitual offender could have gotten no less than 49¾⅛ years. The sentence of 75 years at hard labor is fully supported and articulated and is not excessive.
We are unable to find any manifest error. The trial judge complied with proper procedures as set forth in the sentencing guidelines and the sentence imposed follows the defendant’s third felony conviction. Therefore we will not disturb this sentence on appeal.
DECREE
For the above and foregoing reasons, defendant’s conviction and sentence for the crime of armed robbery are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983); concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169.