CIACCIO, Judge.
Upon application of defendant we issued a writ of certiorari so that we could review the record of the proceedings in the district court concerning two post-conviction motions filed by defendant. Defendant’s first motion combined a request for an out-of-time appeal and an application for a writ of habeas corpus wherein he argued that the evidence presented at his trial was insufficient to sustain his conviction. Defendant’s second motion again raised the issue of sufficiency of the evidence, and raised a plea of self-defense. The district court summarily denied both motions without a hearing.
Defendant has sought review by this court, and has additionally sought relief from an alleged denial of “good time” in connection with the sentence he is presently serving as a result of his conviction.
*1207 On January 17,1983, defendant was tried by a jury and found guilty as charged of having violated La.R.S. 14:34, aggravated battery. On February 7, 1983, defendant was sentenced to serve two years in Orleans Parish Prison and to pay $74.00 court costs or serve an additional 30 days. Defendant was represented by counsel throughout the proceedings.
Both of defendant’s post-conviction motions were filed pro se, and were denied on June 8, 1983, and April 4, 1984, respectively. Defendant’s application for writs was also filed pro se.
As to the issues involving sufficiency of the evidence and a plea of self-defense, defendant’s application does not provide any reason for this court to exercise its supervisory jurisdiction. Accordingly, we will not review the actions of the trial court on these matters.
Concerning defendant’s request for an out-of-time appeal, however, defendant’s application indicates the absence of any waiver by defendant of his Constitutional right to appeal. La. Const, of 1974 Art. 1 Sec. 19. For this reason we granted certio-rari and have reviewed the record for evidence concerning a waiver by defendant of his right to appeal.
In Louisiana there is a constitutional right to an appeal. La. Const. 1974 Art. 1 Sec. 19. This right can only be waived by the defendant himself. State v. Marcell, 320 So.2d 195 (La.1975). Any waiver of the right to appeal must be an informed one. State v. Simmons, 390 So.2d 504 (La.1980).
The judgment of the trial court indicates that defendant’s motion for an out-of-time appeal was denied because a motion for appeal was not timely made. The judgment cites La.C.Cr.P. Art. 914 and State ex rel. LaFleur v. Henderson, 316 So.2d 392 (La.1975) as support for denying defendant’s motion.
La.C.Cr.P. Art. 914 provides that a motion for an appeal “must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken.” A defendant has no reason to request an out-of-time appeal, if a motion for an appeal had been timely filed under La.C.Cr.P. Art. 914. The Supreme Court in State ex rel. LaFleur v. Henderson, supra, without discussion, ordered the district court to grant LaFleur an out-of-time appeal and to appoint an attorney to represent him for that appeal. We fail to see how the reasons provided by the district court can support its judgment.
More importantly, the district court made no finding that defendant made an informed waiver of his right to appeal. Our review of the record reveals a complete absence of any evidence which could support such a finding. The defendant himself must make an informed waiver of his right to appeal before he can be denied the opportunity to exercise that right. Safeguarding of defendant’s right to appeal is particularly paramount when, following conviction and sentence, defendant is unrepresented by counsel and the record contains no evidence that defendant was aware of his right to appeal and of his right to court appointed counsel to assist him with his appeal if he is indigent.
Accordingly, the Honorable Miriam G. Waltzer, Judge of the Criminal District Court for the Parish of Orleans, Section A, is ordered to conduct a hearing on defendant’s motion for an out-of-time appeal to determine whether defendant himself made an informed waiver of his right to appeal. It is further ordered that if the defendant is indigent, an attorney be appointed to represent the defendant at this hearing. The district court judgment denying defendant an out-of-time appeal is set aside.
Additionally, as to defendant’s request for relief from a denial of “good time”, the record reveals that this issue has never been raised before the district court. We, therefore, transfer to the district court for its consideration that portion of defendant’s application requesting relief from an alleged denial of “good time.”