PER CURIAM.
Subsequent to our opinion herein, In Re May, 441 So.2d 500 (La.App. 2d Cir.1983), our Supreme Court, 449 So.2d 1028 (1984), granted writs and made the following pronouncement:
“Granted. Court of Appeal judgment set aside. Case remanded to Court of Appeal for reconsideration after receiving and reviewing transcript of trial court proceedings.”
In dealing with appellant’s Assignment of Error No. 1, we noted that a lack of a trial transcript precluded us from determining exactly what occurred during the course of the trial. Even though we cited LSA-C.C.P. Art. 2130,[1] we apparently did not make it sufficiently clear that the proceedings were never “taken down in writing.” Thus, there is no transcript and one is not available because the proceedings were never recorded.
We are still of the view, as we espoused in the original opinion, that because the defendant did not object in the trial court to the failure to record the proceedings, he waived the right to complain of such an appeal.
Moreover, and just as importantly, the defendant did not indicate what he wished to prove by the subpoenas he contended were not issued, nor did he indicate how his case was prejudiced by the lack of the records which he sought. Furthermore, we accepted plaintiff’s contention arguendo that his cross-examination of his former wife on the details of their having lived together after the divorce was curtailed. We adhere to the opinion that since this evidence concerned events a number of years old that it was irrelevant. Therefore, the defendant did not show us in what manner he was prejudiced by a lack of a transcript and, under the circumstances of this case we are unable to conceive of any such circumstance.
Thus, in summary, because the proceedings are civil in nature, we believe that defendant’s lack of objection to the “taking down” of the proceedings operates as a waiver thereof. Furthermore, we are firmly of the view that even had those proceedings been taken down, they would not have assisted petitioner in the errors which he asserts before us. Having reconsidered the record and the law in light of the remand, we reinstate our original opinion.

. "Art. 2130. Record on appeal; statement of facts
“A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.”