461 So.2d 664 (1984)
STATE of Louisiana
v.
Marion COUNTERMAN.
No. KA 84 0739.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*665 Ossie Brown, Dist. Atty. by Premila Chumbley, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Vincent Wilkins, Jr., Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
The defendant, Marion Counterman, was charged by grand jury indictment with aggravated rape and aggravated burglary in violation of La.R.S. 14:42 and 60, respectively. After a trial by jury, he was found guilty as charged. For the aggravated burglary, he was sentenced to imprisonment in the custody of the Louisiana Department of Corrections (DOC) at hard labor for thirty years. For the aggravated rape, he was sentenced to be imprisoned in the custody of the DOC at hard labor for life without benefit of parole, probation or suspension of sentence, which sentence is to run consecutively with the sentence for aggravated burglary. He was also sentenced to pay the actual cost of prosecution and, in default thereof, to serve an additional one year at hard labor in the custody of the DOC.

PROCEDURAL FACTS
On October 6, 1982, Counterman was indicted by the East Baton Rouge Parish Grand Jury for committing aggravated burglary and aggravated rape on August 22, 1982. On November 10, 1982, he was arraigned and pled not guilty to both charges. He was tried by jury on January 5-6, 1983, and convicted. On February 10, 1983, in the presence of his attorney, he was sentenced. After sentencing, the district court judge advised the defendant that he had "a right to appeal the convictions and the sentences."
On April 10, 1984, counsel for Counterman filed a motion for an "out-of-time" appeal alleging that "[d]efendant recently informed this office on April 4, 1984, that he now desires to appeal." On April 12, 1984, the district court granted the motion without a response from the State and without holding an evidentiary hearing.

PROVIDENCY OF "OUT-OF-TIME" APPEAL
The motion for an appeal of a conviction and sentence in a criminal case "must be made no later than five days after the rendition of the" sentence. La.C.Cr.P. arts. 912(C)(1) and 914. The motion for the appeal in the instant case was made 425 days after the sentence was rendered.
For this court to have appellate jurisdiction over a criminal case, the motion for appeal must be timely filed. State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89 (1959); State v. Dartez, 222 La. 9, 62 So.2d 83 (1952); State v. Metoyer, 427 So.2d 93 (La.App. 3rd Cir.1983). If a motion *666 for an appeal has not been timely filed, there is nothing for an appellate court to review, and the appeal should be dismissed. State v. Washington, 278 So.2d 484 (La. 1973); State v. Breaux, 441 So.2d 811 (La. App. 3rd Cir.1983).
In State v. Simmons, 390 So.2d 504 (La.1980), the Louisiana Supreme Court recognized that a defendant may be entitled to an "out-of-time" appeal if he was unconstitutionally deprived of his right to appeal. A district court is without authority or jurisdiction to grant an "out-of-time" appeal on ex parte motion of the defendant. State v. Banks, 457 So.2d 1264 (La. App. 1st Cir.1984); State v. Braxton, 428 So.2d 1153 (La.App. 3rd Cir.1983). A district court can only consider a motion for an "out-of-time" appeal if it is properly framed as an application for post conviction relief pursuant to La.C.Cr.P. art. 924 et seq. State v. Davis, 457 So.2d 848 (La. App. 1st Cir.1984). That was not done in the instant case.
Further, the allegation made herein to support the motion for the "out-of-time" appeal does not show a constitutional deprivation of the right to appeal. Thus, based on the record presently before us, we must conclude that we have no appellate jurisdiction to consider this matter and the appeal must be dismissed. This ruling should not be construed to preclude the defendant from seeking relief with a properly framed application for post conviction relief in the district court.

DECREE
For the foregoing reasons, this appeal is dismissed.
APPEAL DISMISSED.
COLE, CARTER and LANIER, JJ., specially concurring.
LANIER, J.
In State v. Simmons, 390 So.2d 504, 506 (La.1980), cited in the main opinion, the Louisiana Supreme Court observed as follows:
The Louisiana Constitution of 1974 provides in Article 1, § 19, for the right to judicial review:
`No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.'
There is a constitutional right in Louisiana to an appeal. This right can only be waived by the defendant himself. State v. Marcell, 320 So.2d 195 (La., 1975). Any waiver of right to appeal must be an informed one. Arrastia v. United States, 455 F.2d 736 (5 Cir.1972); Flanagan v. Henderson, 496 F.2d 1274 (5 Cir.1974). It is apparent that Simmons was not offered an appeal by his attorney. Lowe admitted that he did not contact Simmons after the sentencing about his right to an appeal. An attorney must advise his client of his appellate rights. Lumpkin v. Smith, 439 F.2d 1084 (5 Cir.1971); Riser v. Craven, 501 F.2d 381 (9 Cir.1974). (Bolding added).
In State v. Marcell, 320 So.2d 195, 198 (La.1975), cited in Simmons, the court stated:
We read Article 1, § 19 of the Louisiana Constitution of 1974 as establishing the right to an appeal and as conferring on the accused, and the accused alone, the right to waive this right.[[1]]
We do not agree that Article I, § 19 of the Constitution establishes a right to an appeal. In L. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 60-62 (1974) appears the following:
Not part of the committee proposal, this section results from a floor amendment designed to cure what the author conceived as a hiatus in the previously *667 adopted article on the judiciary. Under the judiciary article, a criminal defendant has a right of appeal to the Louisiana supreme court if `convicted of a felony' or if `a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.' In other criminal matters, no right of appeal to the supreme court is specified; the provision is simply that a defendant has `a right of appeal or review, as provided by law.' The policy, in the case of minor offenses, was to give the legislature freedom to act, particularly with respect to review of convictions in courts of limited jurisdiction which traditionally had been subject to trial de novo in district court. The judiciary article did not constitutionalize trial de novo as the prior constitution had, but left it in the legislature's province to provide for trial de novo or some other type of review in minor cases. Delegate Jack Avant saw this as a deficiency:
So, the net results of what we have done so far in doing away with the trial de novo, and in adopting the provisions with respect to appellate jurisdiction in Article VII [sic] which we have adopted, is that it is not only possible, but it is inevitable ... that a person can be sentenced to six months in jail, or at least five months and twenty-nine days in jail; he will have no right of appeal, and there will be no right of review based upon any kind of record. His solution was the amendment that
became Section 19. The section does not explicitly require a right of appeal or a record. Rather, it employs a negative approach and states that no person can be `subjected to imprisonment or forfeiture of rights or property' without the right of judicial review based on a record. Thus, even if a right of review based on a record is not granted, the section is not violated so long as a person is not imprisoned or subjected to a forfeiture of rights or property. This peculiar language gives rise to the anomalous possibility that when the right of review based on a record is not available, and one is sentenced to imprisonment, the section will simply prevent subjecting a person to the sentence. It is a situation akin to Argersinger v. Hamlin, by which one does not clearly have the right to counsel at trial, but cannot be imprisoned if he does not have counsel at trial.
....
In any event, the policy is to encourage the providing of a right of review based on a record. The standards provide a right of review, with no room for discretion. It could be review by a district court of matters decided by courts of limited jurisdiction. When the case is originally in the district court, it must be reviewed by a higher court. Yet, it is `review'a generic termand not necessarily an `appeal' as the term of art is used in Article V, § 5. Even if no right of appeal were granted from a city court, the section's requirements would be met if the supreme court supplied review within its supervisory jurisdiction without full argument, so long as it is based on a record and is a matter of right.[[2]]
[Footnotes omitted].
[Bolding added].
In L. Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 802 (1977) appears the following:
Regardless of which court is assigned these cases, it is not the normal appeals procedure that is necessarily required; it is appeal or review that is required. Review could be by some type of appellate examination of a record that is less than the full blown appeal with full briefs and oral argument.
The limited nature of the right of appeal or review in these minor criminal cases prompted further action when the *668 convention was considering the bill of rights. Additional protection for the individual in such cases is provided in Article I, Section 19: `No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.'
[Footnote omitted].
[Bolding added].
We agree with Professor Hargrave's observation that Article I, § 19 does not require a right to appeal or a record, but is a constitutional prohibition against imprisonment or forfeiture of rights or property without a right of judicial review based on a record. We perceive a significant difference between a judicial review and an appeal. Compare La.C.C.P. art. 2081 et seq., La.C.Cr.P. art. 911 et seq., La.C.J.P. art. 97 et seq. and Rules 2 and 3, Uniform Rules, Courts of Appeal with La.C.C.P. art. 2201, La.C.J.P. art. 105, Rule XLouisiana Supreme Court Rules and Rules 4 and 5, Uniform Rules, Courts of Appeal. We do not agree that a constitutional prohibition against imprisonment or forfeiture of rights or property without a judicial review based on a record can be equated (by way of interpretation) with a constitutional right of appeal. As indicated by Delegate Avant when he proposed the amendment that became Article I, § 19, the right to appeal or review in a criminal case had been provided for previously by the Constitutional Convention in the Judiciary Article (Article V, § 5[D] and [E]), and the purpose of his amendment was to provide for a record for the court to review in non-appealable criminal cases when a defendant exercised his "right to apply to the supreme court under the exercise of its supervisory jurisdiction for a writ of review." The title of Article I, § 19 (Right to Judicial Review) is not determinative of its substantive meaning. La. Const. of 1974, art. XIV, § 22.
We have cited the Simmons case in the instant case, even though we disagree with its interpretation of Article I, § 19, because we are required to follow it. State v. Petterway, 403 So.2d 1157, 1194 (La.1981).[3] We respectfully suggest that the Louisiana Supreme Court reconsider its present interpretation of Article I, § 19.

APPENDIX A

Amendment
Mr. Poynter Amendment No. 1 [by Mr. Avant], page 4, between lines 19 and 20, insert the following:
"No person shall be subjected to imprisonment or forfeiture of his rights or property without the right of judicial review based upon a complete record of all evidence *669 upon which such judgment is based. This right may be intelligently waived."

Explanation
Mr. Avant Mr. Chairman and fellow delegates... to this convention, this amendment supplies something that is an absolute must in view of the present status of this constitution. There are certain courts that are not courts of record. There are certain courts where you may be fined or imprisoned or your property may be forfeited for certain offenses where no record is made. In a municipal court, for example, you can be fined up to three hundred dollars, I believe, and imprisoned up to six months, and there may not be a record of the evidence of the testimony upon which that conviction or sentence is based. Now that is no problem under the present constitution because Article VII, Section 36, of the constitution now provides that in those cases, and in certain civil cases, that the district court has appellate jurisdiction and you can go to the district court and have a trial de novo, which means a new trial where the case is tried by the district judge, without a jury, and you are limited to the same witnesses, of course, who testified in the lower court. But the Judiciary Committee, in its wisdom, and it so far has been concurred in by this convention, eliminated the provision for appeal by trial de novo. It is no longer in the document as it now stands, although it had worked, in my humble opinion, very satisfactorily under the provisions of Article VII, Section 36, for many, many years.
But now, we are faced with this situation under the present status of this constitution. And that is that a person may be sentenced to actual imprisonment up to six months; he may be fined up to three hundred dollars, or certain rights or property of his may be declared forfeited in a court where there is no record made of the evidence upon which that sentence is based, and he has no right of appeal. He has no trial de novo; he has no right to appeal. The only thing that he has is the right to apply to the Supreme Court under the exercise of its supervisory jurisdiction for a writ of review.
Now, the way you do that is you attach a copy of all of the records in the lower court and send it to the Supreme Court, and you point out what you feel to be an error, and you ask them to agree with you that there was an error, and ask them to bring the case up and consider it on the record. The problem is that you are not going to have a record. There's not going to be any record. So, the net results of what we have done so far in doing away with the trial de novo, and in adopting the provisions with respect to appellate jurisdiction in Article VII which we have adopted, is that it is not only possible, but it is inevitable that unless we correct it, that when this constitution becomes effective, if it ever does become effective, that a person can be sentenced to six months in jail, or at least five months and twenty-nine days in jail; he will have no right of appeal, and there will be no right of review based upon any kind of record.
Now, various problems were brought up in connection with this, and I put in, I incorporated specifically in this provision that this is a right which the accused has which may be the subject of an intelligent waiver. Now, let me explain to you what that means.
In .... under the law and the constitution, you have in certain cases the right to trial by jury. You have the right to counsel. The court advises you of these rights, tells you, "Mr. So and So, you are charged with thus and such a crime which is a felony; you may be sentenced to up to so many years. If you are convicted you have the right to be tried by a jury. You have the right to counsel; if you can't afford counsel, the court will appoint a lawyer in your behalf. Do you understand those rights?" And he says, "Yes." "Do you wish those rights or do you want to waive them?" "I waive them." So he can waive this right intelligently after it has been explained to him. So it's not going to mean that in every case that's tried in a municipal court or city court, that you are going *670 to have to have a court reporter and go to all this what has been termed, perhaps, an unduly prohibitive expense in order to supply this man his rights. All you've got to do is explain to him his rights, make sure that he understands his rights. If, after explanation and understanding, he waives them, then that's his business. But the way the situation is now, he does not have that right, and he can be imprisoned up to six months; his property can be forfeited, taken away from him; his driver's license can be taken away from him, even though that may be the way he makes his living, without any right of review based upon a record of the evidence upon which that sentence is based.
And I just respectfully submit to you that that is not right and that is not proper, and that the right of that kind of review is fundamental and has to be provided.
I urge the adoption of the amendment. [Underscoring added].
NOTES
[1] In State v. LeBlanc, 367 So.2d 335 (La.1979), the court pretermitted a ruling on whether the intelligent waiver of La. Const. of 1974, art. I, § 19 referred to the right of recordation or the right of review.
[2] The complete remarks of Delegate Avant are found in 6 Records of the Louisiana Constitutional Convention of 1973: Convention, Transcripts p. 1133 for September 6, 1973, and are attached hereto as Appendix A.
[3] It should be noted that the Simmons and Marcell interpretation of Article I, § 19 has formed the basis for the opinions in State v. Jackson, 452 So.2d 682 (La.1984); State v. Goodley, 423 So.2d 648 (La.1982); State v. Washington, 380 So.2d 64 (La.1980).

We agree with the result reached in Simmons. When Simmons was decided in 1980, persons "convicted of a felony" or sentenced to "a fine exceeding five hundred dollars or imprisonment exceeding six months" had a right of appeal pursuant to La. Const. of 1974, art. V, § 5(D)(2). State v. Robinson, 387 So.2d 1143 (La.1980); State v. Jones, 351 So.2d 1194 (La.1977); State v. Ford, 338 So.2d 107 (La.1976); 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, p. 721 for August 15, 1973; Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 800-801 (1977). However, when the Courts of Appeal of Louisiana were invested with appellate jurisdiction effective July 1, 1982, the right of appeal conferred by La. Const. of 1974, art. V, § 5(D)(2) was limited to cases where "the defendant has been convicted of a capital offense and a penalty of death actually has been imposed". Compare the language of La. Const. of 1974, art. V, § 5(D)(2) as originally written with La. Const. of 1974, art. V, § 10(A) as amended. Appeal of O'Rourke, 300 Minn. 158, 220 N.W.2d 811 (1974).
It also should be noted that the Court of Appeal for the Second Circuit has discussed La. Const. of 1974, art. I, § 19 in connection with civil litigation. In re May, 441 So.2d 500 (La. App. 2nd Cir.1983), writ granted, 449 So.2d 1028 (La.1984), aff'd., 452 So.2d 800 (La.App. 2nd Cir.1984); Hamiter v. Hamiter, 419 So.2d 517 (La.App. 2nd Cir.1982), writ denied, 423 So.2d 1140 (La.1982); Harris v. Dupree, 322 So.2d 380 (La.App. 2nd Cir.1975), writ refused, 325 So.2d 612 (La.1976).