TREVOR G. BRYAN, Judge Pro Tem.,
concurs with reasons.
I concur in the conclusions and agree with the analyses of the majority with respect to the defendant’s allegations of Error Nos. 1 and 2. With respect to the third assignment of error, I agree with the majority’s conclusion but because I arrive at the conclusion by different legal reasoning, I hereby write this concurring opinion.
Assignment of Error No. 3 presents essentially two issues. First, whether defendant’s failure to contemporaneously register an objection to the trial judge’s incorrect jury instruction on the meaning of “reasonable doubt,” precludes this Court’s consideration of the objection first raised at the appellate level.
Second, whether upon a review of the entire record there is no reasonable doubt that absent the erroneous instruction the jury would have arrived at the same conclusion.
It is well established that a defendant’s failure to object contemporaneously to an instruction constitutes a waiver of the objection upon appeal. La.C.Cr.P. art 841; State v. Arvie, 505 So.2d 44 (La.1987).
Although there exists no statutory rule in Louisiana equivalent to Fed.R.Cr.P. 52(b)’s “plain error” rule which modifies the harsh effects of an unintentional waiver of fundamental rights, nonetheless, the jurisprudence developed by the courts have carved out exclusions to the indiscriminate application of La.C.Cr.P. art. 841. Thus where substantial prejudice to due process concerns is at issue, the court has refused to apply the prohibition in art. 841. State v. Alexander, 430 So.2d 621 (La.1983). Also, the court has carved out an exception to the effects of art. 841 where the error is so fundamental that it “substantially undermines the reliability of the fact finding process in a criminal trial” and allowed the appellate court “to consider the matter raised for the first time on appeal.” See State of Louisiana v. Jones, 588 So.2d 805 (La.App. 2d Cir.1991).
An instruction on “reasonable doubt” which invites a reasonable juror to convict a person of a crime when that juror harbors in his mind and heart a degree of doubt which if correctly applied would cause that juror to vote for acquittal not only violates the due process of the defendant but undermines the integrity of the judicial process.
*409 A person who is not guilty beyond a reasonable doubt is by definition not guilty and his conviction based upon an improper understanding of the definition of “guilt” is as much a blot on the integrity of the judicial fact finding process as is a conviction based upon an improper understanding of the elements of an offense. “Guilt beyond a reasonable doubt,” a notion that embodies the social value that we would prefer to let 100 guilty persons go free than to convict one innocent person, is so integral to our system of justice, that courts uniquely have a sacred duty to enforce these values in the cases that come before them.
Though in other matters such as involving evidentiary admissions, much is left to our faith in the adversarial process, when it comes to such a fundamental value as the definition of guilt, courts may not delegate their duty to enforce the values embodied in the definition to the vagaries of the adversarial process and are bound to address the issue sua sponte or even if first brought up on appeal. The instances where judicial efficiency and fairness require timely objections are to be distinguished from this case where fundamental concerns are involved. See State v. Marcell, 320 So.2d 195 (La.1975).
The court in State v. Cage, 583 So.2d 1125 (La.1991), sets forth the standard by which convictions are to be evaluated where an improper definition of “reasonable doubt” was communicated to the jury. It stated that such an evaluation must be done under the harmless error analysis enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Viewing the record as a whole, the erroneous instruction was harmless beyond a reasonable doubt. I vote to affirm for the reasons stated hereinabove.