MAX N. TOBIAS JR., Judge.
|,We grant the application for supervisory writ of the defendant/relator, Benjamin Bellelo (“Bellelo”), to review his conviction for the misdemeanors of driving while intoxicated and reckless operation of a motor vehicle.
According to Bellelo, he was arrested on 8 February 2006 for reckless operation of a motor vehicle and an expired driver’s license. He then avers that he was tried and convicted on 20 July 2006 of driving while intoxicated and reckless operation of a motor vehicle. He states that the evidence at trial consisted of the testimony of the arresting officer, himself, and a defense witness, Josh Lincoln. Also, a video taken in the booking room was introduced.
The relator subsequently complied with an order of this court to provide a copy of the police report and the transcript of the court’s reasons for judgment, which were dictated in open court after the trial held on 20 July 2006. The trial court has provided the videotape exhibit.
Bellelo assigns two errors on the part of the trial court. First, he avers that the trial court erred when it placed the burden on the defense to move for recordation of the trial proceedings prior to the start of the trial. He argues that the trial court’s failure to have the proceedings recorded denies him the constitutional | aright of judicial review as guaranteed by the Louisiana Constitution of 1974, Article I, § 19. In his second assignment, he avers that the trial court erred when it failed to grant his motion for a directed verdict, contending that the DVD videotape contradicts the arresting officer’s version of events as set forth in the report he authored, and thus the evidence was insufficient to prove the offense of driving while under the influence of alcohol.
As to the first assignment, we note that nothing in the minute entry or transcript of 20 July 2006 makes any reference to the alleged failure of the trial court to have the testimony of the witnesses recorded. At the conclusion of the July 20 transcript, which reflects the court’s verdict and lengthy reasons therefore, the relator only gave notice of intent “to take writs to the Court’s ruling” finding him guilty of driving while intoxicated and reckless operation. No reference is made to the lack of a trial transcript. The original written notice of intent to seek supervisory writs does not mention what ruling or rulings Bellelo intended to have reviewed. The first request for an extension, dated 16 August 2006 states that counsel had “requested a copy of the trial transcript and the oral reasons for Judgment [sic]; the transcript has not been produced to date.” The request for an extension of 20 September 2006 states that counsel “requested a copy of the trial transcript and the oral reasons for Judgment; the transcript was provided to undersigned counsel on September 13, 2006.”[1] Therefore, we find nothing in the record before this court to substantiate the relator’s allegation regarding the lack of Ra trial transcript. We note, however that the state in its response does not dispute the relator’s assertion.
 The Uniform Rules-Courts of Appeal — Rule 4-5 provides in pertinent part: “.... The original and duplicate shall have the pages of the application and attached documents and exhibits consecutively numbered and shall contain these items: ... (f) a copy of the judgment, order, or ruling complained of (if by written judgment, order, or ruling).... ” Thus *90 it was incumbent upon Bellelo to provide evidence regarding the trial court’s ruling denying his request for a transcript and the court’s inability to provide one for review of the trial court’s denial of a judgment of acquittal. However, assuming that all of the relator’s allegations regarding the lack of a trial transcript are true, and that the court placed the burden upon him to request of recordation of the trial prior to commencement of it, the relator’s legal argument has apparent merit.
In State v. Bizette, 334 So.2d 392 (La. 1976), the defendant was convicted of driving while intoxicated. He applied for a writ of review, which was granted. The only issue raised was the trial court’s denial of his motion for judgment of acquittal. The court granted a new trial because “substantial omissions from the transcript of the trial proceedings” prevented the court from determining if the trial court erred. Id. at 393. Portions of the transcript were missing because of a malfunction of the recording equipment. Defense counsel at trial did not know of the malfunction. The state in its response to the supervisory writ application argued that, because the defendant was tried for a misdemeanor, he “waived his right to judicial review based upon a complete record of all evidence ... because |4he did not move for recordation of the proceedings.” Id. at 394. The state relied upon La.C.Cr.P. art. 843, which now provides[2]:
In felony cases, in cases involving violation of an ordinance enacted pursuant to R.S. 14:143(B), and on motion of the court, the state, or the defendant in other misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel.
The court rejected the state’s argument because it was the practice in the judicial district to record all misdemeanor trials even though no one moved for recordation. Moreover, defense counsel believed that the trial was being recorded. The court concluded, “under the circumstances here presented, a motion for the defendant for recordation of the trial proceedings, as required by article 843, would have been a vain and useless act. Accordingly, we cannot say that defendant intelligently waived his right of judicial review ....” Id.
In State v. LeBlanc, 367 So.2d 335 (La.1979), the Court was again faced with a case where there had been no recordation of a misdemeanor trial. The defense had not requested that the proceeding be recorded, and the state subsequently argued that the defendant’s failure to do so as required by La.C.Cr.P. art. 843 meant he had not been denied his right to judicial review. The defendant argued that Art. 843 conflicted with Article I, § 19 of the Louisiana Constitution of 1974 which provides:
No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all | ¡^evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
After extensively reviewing the debate at the 1973 Constitutional Convention regarding Article I, § 19, the Court concluded that its “review of the verbatim transcripts and the clear words of Art. l[sic], § 19 indicate that no one in a misdemeanor case should have to make a motion before rec *91 ord of the proceeding is made.” LeBlanc, 367 So.2d at 339. The Court went further, stating, “Therefore, the words ‘on motion of the court, the state, or the defendant’ in C.Cr.P. art. 843 are an unconstitutional restriction on this constitutional right.” Id. The Court pretermitted “whether the intelligent waiver of right in Art. l[sic], § 19 is the right of recordation or judicial review,” because the instant case did not show an intelligent waiver of recordation. Id. at 340.
In State v. Gibbens, 562 So.2d 457 (La.App. 3 Cir.1990), the court in a one-paragraph opinion found that, even though the court minutes specifically showed that the defendant’s counsel waived recordation of the testimony of the defendant’s trial for first offense driving while intoxicated, those minutes did “not reflect that the trial court affirmatively determined that relator himself intelligently waived this constitutional right, and, in effect, a judicial review on appeal.” Therefore, the court reversed the defendant’s conviction and sentence and remanded the matter for a new trial.
We note, however, courts have affirmed defendants’ convictions in felony cases where the trial transcripts are unavailable due to the long passage of time between the convictions and the defendants’ active assertion of the right to appeal. In those cases, the lengthy passage of time was attributable to the defendants, and the inability of the district courts to produce the transcripts was not attributable to |fithe court personnel or the state. See State v. Bernard, 583 So.2d 111 (La.App. 5 Cir.1991) (defendant waited seven years to move for an appeal of his conviction); State v. Gonzales, 95-0860 (La.App. 4 Cir. 9/18/06), 680 So.2d 1253 (defendant escaped after her appeal was granted and remained at large for ten years); State v. Clark, 93-0321 (La.App. 4 Cir. 10/27/94), 644 So.2d 1130 (defendant withdrew his motion for appeal filed soon after his conviction, noting he might appeal in the future; nine years later, after successive writ applications on various issues, his out-of-time appeal was granted, but by that time the trial transcript was unavailable); and State v. Ford, 92-2029 (La.App. 4 Cir. 1/31/95), 650 So.2d 808 (defendant convicted and granted an appeal in 1980; however, the appeal record was never lodged, a fact of which he was informed in 1984, but he failed to seek an appeal again until 1991). We find these cases inapplicable because of the time between Bellelo’s trial and his application for supervisory writs.
The state in response to the relator’s arguments does not assert the relator’s assertions are untrue, to-wit, that the trial court did not obtain an intelligent waiver of the recordation of the trial proceedings and simply failed to have them recorded because the defendant did not move for recordation under La.C.Cr.P. art. 843.
Accordingly, we conclude that the relator’s conviction should be reversed and the matter remanded for a new trial. We therefore pretermit a discussion of the relator’s second assignment of error.
WRIT GRANTED, REVERSED AND REMANDED.
BELSOME, J., dissents.

. The reason for the extension was that counsel had a first degree murder trial scheduled for October 3.

. The version of Article 843 at issue in Bizette was substantially the same.