KNOLL, J.,
additionally concurs.
1 íAlthough I agree with the majority’s conclusion that the District Court did not err when it tried defendant by a jury of six persons, I write separately because I believe the majority’s analysis is overly complex. I am in full agreement with the views Judge Kuhn expressed in his concurring opinion that no structural error occurred in this case as the hard-time requirement of the former La. R.S. 14:98(E)(4)(a) does not create a new crime warranting trial by a jury of twelve per *686 sons. Because this statute merely provides for a sentencing enhancement, it does not transfigure the relative felony with which the District Attorney charged the defendant into an absolute felony. As such; application of this enhancement to a defendant at sentencing does not trigger the right to trial by a twelve person jury at the outset of trial. Moreover, even if we willingly suspend disbelief to imagine a jury composition error in this case, defendant failed to lodge a contemporaneous objection at the time of jury selection. As compelled by La.C.Cr.P. art. 841, we have repeatedly held that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time it occurred since a contemporaneous objection is required to preserve an error for appellate review.[1] Indeed,
The basis for objections to trial irregularities or errors should be stated at the time they occur. Counsel cannot wait, with an anchor to windward, to urge the irregularity for the first time after conviction. An objection without stating the grounds gives the trial judge no opportunity to correct the alleged error.[ 2]
12Thus, even if we assumed a jury composition error was present, defendant waived review of any such error when he failed to lodge a contemporaneous objection.

. La.C.Cr.P. art. 841(A) (“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.”); State v. Kahey, 436 So.2d 475, 489 (La.1983) (“[A]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”); State v. Lindsey, 404 So.2d 466, 478 (La.1981) ("In the absence of a contemporaneous objection, an alleged error or irregularity in the proceedings cannot be availed of after the verdict is rendered.”); State v. Marcell, 320 So.2d 195, 197 (La.1975) (“By failing to make a timely objection, a defendant waives his right to subsequently attack the judgment of conviction on grounds of error or irregularity.”).

. State v. Thornton, 284 So.2d 753, 756 (La.1973).